UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

| | |
|---|---|
| LARRY O. CROTHER, INC., a California Company, d.b.a. ABC INSULATION & SUPPLY CO., <br><br> Plaintiff, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, a Delaware corporation, and DOES 1 through 25, inclusive, <br><br> Defendants. | No. 2:11-cv-00138-MCE-GGH <br><br><br><br><br><br> **ORDER** |

----oo0oo----

Through the present action, Plaintiff Larry O. Crother, Inc. d.b.a. ABC Insulation & Supply Co. ("Plaintiff") seeks to recoup certain insurance premiums it paid its comprehensive general liability carrier, Defendant Lexington Insurance Company ("Lexington"). Plaintiff's initial complaint was filed on December 13, 2010 in the Superior Court of the State of California in and for the County of Sacramento. Lexington was served with the Summons and Complaint on December 16, 2010.

1

1  Because Lexington was the only named Defendant, and because
2 Lexington claims to be a corporation incorporated under the laws
3 of the State of Delaware with a principal place of business in
4 the State of Massachusetts, Lexington timely removed Plaintiff's
5 action to this Court on January 14, 2011, citing diversity of
6 citizenship pursuant to 28 U.S.C. § 1441.  Thereafter, on
7 January 28, 2010, Plaintiff filed a First Amended Complaint
8 purporting to add new, and non-diverse, Defendants; namely,
9 Plaintiff's insurance broker and agent.  Plaintiff filed that
10 amended pleading without seeking either a stipulation from
11 Lexington or a court order authorizing it to do so.

12  On the basis of the purported new parties, which conceivably
13 destroy diversity, Plaintiff filed a Motion to Remand (ECF No. 8)
14 seeking to send the matter back to state court where it
15 originated.  Lexington filed both a Motion to Dismiss attacking
16 the purported First Amended Complaint on its merits (ECF No. 10)
17 as well as a Motion to Strike under Federal Rule of Civil
18 Procedure 15(a)(1)[1] and 28 U.S.C. § 1447(e) (ECF No. 9).

19  Rule 15(a)(1) provides as follows:
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

28  [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

     **(a) Amendments Before Trial**.

          (1) Amending as a Matter of Course.  A party may amend its pleadings once as a matter of course within:

              (A) 21 days after serving it, or

              (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.

          (2) **Other Amendments**.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  The court should freely give leave when justice so requires.

It follows that under the express provisions of Rule 15(a), Plaintiff had 21 days after the date it effectuated service on Lexington (December 16, 2010) within which to amend its complaint as a matter of course without obtaining either leave of court or the consent of other parties.  That 21-day period expired on January 6, 2011.  Plaintiff did not in fact file its First Amended Complaint in this matter until January 28, 2011, more than three weeks after the deadline for doing so as a matter of course expired.  It is undisputed that neither leave of court nor the consent of Lexington was obtained before Plaintiff's amended pleading was filed.

   It follows that under the unequivocal terms of Rule 15(a) as set forth above Plaintiff's purported First Amended Complaint was untimely filed and should be stricken as such.  As Alan Wright notes in his treatise on Federal Practice and Procedure:

///

///

///

3

> "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, <u>it is without legal effect</u> and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval."

Alan Wright, 6 <u>Federal Practice & Procedure</u>: Civil 3d, § 1484, p. 685 (West 2010)(emphasis added). Because such an amendment is of no legal effect, and since the purpose of a motion to strike under Rule 12(f) generally is to remove impertinent and/or immaterial matter from a party's pleadings, courts within this Circuit have properly stricken amended pleadings not filed in conformance with Rule 15(a)(1). <u>See, e.g.</u>, <u>Sutton v. Holz</u>, 2007 WL 3027345 at * 2-3 (N.D. Cal. 2007); <u>Fagorala v. Nationstar Mortgage, LLC</u>, 2010 WL 2278722 at * 1 (N.D. Cal. 2010).

Significantly, even Plaintiff does not dispute its failure to comply with the applicable deadline for amending as a matter of right under Rule 15(a). Plaintiff nonetheless argues that because it filed a "Resubmitted" First Amended Complaint on February 24, 2011, after Lexington's Motion to Dismiss was filed on February 10, 2011, that "resubmitted" pleading should be considered timely since following either a Motion to Dismiss or a Motion to Strike under Rule 12 an amended pleading can be timely filed within 21 days.

Plaintiff's contention in this regard borders on the frivolous. Under Plaintiff's logic, an untimely amended pleading can be rendered timely as long as the otherwise untimely amendment is resubmitted after being challenged as untimely. That argument is both circular and nonsensical in the view of this Court.

4

Lexington's Motion to Strike (ECF No. 9) is GRANTED.[2] Because Plaintiff's First Amended Complaint consequently has no legal effect, Lexington's Motion to Dismiss the First Amended Complaint on substantive grounds (ECF No. 10) is DENIED as moot. In addition, because Plaintiff's Motion to Remand depends on allegedly diverse defendants that are not properly before the Court at this time, the Motion to Remand (ECF No. 8) is also DENIED as moot.  Plaintiff's recourse is to file a Motion for Leave to File an Amended Pleading should it choose to do so.

IT IS SO ORDERED.

Dated: March 18, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

5