UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY O. CROTHER, INC.,            No. 2:11-cv-00138-MCE-GGH
a California Company,
d.b.a. ABC INSULATION
& SUPPLY CO.,

          Plaintiff,

     v.                                **ORDER**

LEXINGTON INSURANCE
COMPANY, a Delaware
corporation, and DOES
1 through 25, inclusive,

          Defendants.

                              ----oo0oo----


     Through the present action, Plaintiff Larry O. Crother, Inc.

d.b.a. ABC Insulation & Supply Co. ("Plaintiff") seeks to recoup

certain insurance premiums it paid its comprehensive general

liability carrier, Defendant Lexington Insurance Company

("Lexington").  Plaintiff's initial complaint was filed on

December 13, 2010 in the Superior Court of the State of

California in and for the County of Sacramento.   Lexington was

served with the Summons and Complaint on December 16, 2010.

1

1    Because Lexington was the only named Defendant, and because
2    Lexington claims to be a corporation incorporated under the laws
3    of the State of Delaware with a principal place of business in
4    the State of Massachusetts, Lexington timely removed Plaintiff's
5    action to this Court on January 14, 2011, citing diversity of
6    citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1446.
7    Thereafter, on January 28, 2010, Plaintiff filed a First Amended
8    Complaint ("FAC") purporting to add new, and non-diverse,
9    Defendants; namely, Plaintiff's insurance broker and agent.  That
10   filing prompted Lexington's Motion to Strike the purported FAC as
11   improperly filed without the requisite leave of court.
12   Plaintiff filed that amended pleading without seeking either a
13   stipulation from Lexington or a court order authorizing it to do
14   so.  By Order dated March 18, 2011, that Motion was granted.

15   Now before the Court is Plaintiff's Motion seeking
16   authorization to refile his FAC.  That proposed pleading seeks to
17   add John O. Bronson Co., Inc., an insurance broker, as a
18   defendant along with Kirk Willard, an agent employed by Bronson,
19   on grounds that Bronson and Willard handled Plaintiff's general
20   liability insurance between October 30, 2003 and January 15, 2008
21   and negligently failed to secure issuance of a policy that
22   excluded retail sales from the determination of Plaintiff's
23   premium, thereby resulting in overcharges of some $74,094.00.
24   See Proposed FAC, ¶¶ 27-31.
25   ///
26   ///
27   ///
28   ///

1  Plaintiff further asserts, as an additional cause of action, that
2  Bronson and Willard's failure in this regard violated the
3  fiduciary duty owed to Plaintiff, both by neglecting to procure
4  an exclusion and because they failed to adequately demand and/or
5  pursue a refund from Lexington when the purported unearned
6  premiums were discovered.  Id. at ¶¶ 32-35.

7      While the FAC now proposed also reduces the amount in
8  controversy from $152,934.27 to $74,094.00, and also purports to
9  add an additional claim for breach of contract against Lexington,
10 and to clarify certain other allegations, the inclusion of
11 Bronson and Willard as additional defendants would add non-
12 diverse parties to the action, since Bronson is alleged to be a
13 California corporation, and Willard is identified as resident of
14 Sacramento County, California.  Id. at ¶¶ 3-4.

15     If the Court finds that Bronson and Willard are indeed
16 proper defendants, then, diversity would be destroyed and the
17 sole basis for federal jurisdiction over this matter would be
18 removed.  That development would compel the Court to remand the
19 action back to state court where it was originally commenced.
20 See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th
21 Cir. 2001).  Consequently, the propriety of including Bronson and
22 Willard is dispositive in whether this matter properly remains
23 here.  A determination that they may properly be joined makes
24 irrelevant any consideration of whether the remainder of
25 Plaintiff's claimed amendments are warranted.
26 ///
27 ///
28 ///

1   Moreover, while Defendant Lexington has also filed a Motion to

2   Dismiss Plaintiff's originally filed Complaint that is

3   concurrently set for hearing with Plaintiff's Motion for Leave to

4   File its FAC, that Motion to Dismiss also becomes moot if the

5   Court finds that joinder of Bronson and Willard is appropriate.

6        Although Federal Rule of Civil Procedure 15(a)[1] directs that

7   the Court "should freely give [leave to amend] when justice so

8   requires", Rule 15(a) does not apply where, as here, Plaintiff

9   seeks to amend its complaint after removal to add non-diverse

10  parties whose joinder would divest the court of jurisdiction.  To

11  apply the permissive standard of Rule 15(a) in that situation

12  could "allow a plaintiff to improperly manipulate the forum of an

13  action..." Clinco v. Roberts, 41 F. Supp. 2d 1081, 1087 (N.D.

14  Cal. 1999).  Consequently, where the addition of defendants would

15  directly impact diversity, the provisions of 28 U.S.C. § 1447(e),

16  rather than those contained in Rule 15(a), control.  Clinco,

17  41 F. Supp. 2d at 1086-87; see also Chan v. Bucephalus

18  Alternative Energy Group, LLC, 2009 WL 1108744 at * 3 (N.D. Cal.

19  2009).

20       Section 1447(e) provides in pertinent part that "[i]f, after

21  removal the plaintiff seeks to join additional defendants whose

22  joinder would destroy subject matter jurisdiction, the court may

23  deny joinder, or permit joinder and remand the action to state

24  court."  The decision as to whether to permit an amendment

25  destroying diversity jurisdiction remains in the sound discretion

26  of the Court.

27  _____

28       [1] All further references to "Rule" or "Rules" are to the
    Federal Rules of Civil Procedure unless otherwise noted.

4

IBC Aviation Servs., Inc v. Compania Mexicana de Aviaction, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000), citing Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) In determining whether to allow joinder under Section 1447(e), the following five factors should be considered:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) the strength of the claims against the new defendant.

IBC Aviation; 125 F. Supp. 2d at 1011; see also Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002) (citing Clinco, 41 F. Supp. 2d at 1082).

With respect to the first factor, a necessary party under Rule 19(a) is one "having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." IBC Aviation, 125 F. Supp. 2d at 1011 (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991). Although whether a party is necessary under Rule 19(a) should be considered by the court in determining the propriety of joinder, the standard under Section 1447(e) is less restrictive than that applicable to Rule 19(a). Id. (citing Trotman v. United Parcel Serv., 1996 WL 428333 at *1 (N.D. Cal. 1996).

///

5

1  In accordance with the discretion the Court is accorded in

2  allowing joinder under Section 1447(e), joinder is indicated

3  "when failure to join will lead to separate and redundant

4  actions", but not when the defendants whose joinder is sought

5  "are only tangentially related to the cause of action or would

6  not prevent complete relief." <u>Boon</u>, 229 F. Supp. 2d at 1022.

7      In <u>IBC</u>, the plaintiff provided cargo handling services to

8  airlines, and entered into an agreement with Mexicana Airlines to

9  handle its cargo at the Los Angeles International Airport.  IBC

10 ultimately sued Mexicana for breach of its Cargo Handling

11 Agreement, along with another company, AeroMexpress, that was

12 responsible for overseeing the cargo services delivered by IBC to

13 Mexicana.  IBC did not initially sue AeroMexpress employee Steven

14 Connolly, but after removal of the action to federal court sought

15 to add Connolly as a defendant on grounds that he was the

16 principal person responsible for the acts underlying IBC's claim

17 against Mexicana and AeroMexpress.  In analyzing whether Connolly

18 was a necessary party under a Rule 19(a) analysis, the IBC court

19 answered that question in the affirmative, reasoning that

20 "disallowing the amendment would hinder IBC from asserting its

21 rights against an employee directly involved in the alleged

22 breach of the [subject] Cargo Handling Agreement and related

23 causes of action."  <u>IBC</u>, 125 F. Supp. 2d at 1012.

24 ///

25 ///

26 ///

27 ///

28 ///

1    The factual circumstances confronted by the IBC court are

2 factually comparable to this case, where Plaintiff alleges that

3 its insurance broker and agent, Bronson and Willard, were

4 responsible for not procuring the proper scope of insurance for

5 Plaintiff, and for saddling Plaintiff with unnecessary premium

6 costs as a result.  Significantly, even Lexington appears to have

7 conceded the centrality of the broker/agent to Plaintiff's

8 dispute.  In a letter to the California Department of Insurance

9 dated January 16, 2009, Lexington's own Associate General

10 Counsel, Barnett Ovrut, indicated that a "specific policy

11 exclusion" could have been written to exclude Plaintiff's retail

12 sales of insulation from the calculation of Plaintiff's

13 comprehensive general liability policy.  Ovrut appears to opine

14 that the broker and/or agent were responsible for failing to

15 exclude "material sales from premium determination."  As the

16 letter states:

17        "Review and analysis of the Policy indicates that
          premium is to be determined on the basis of ABC
18        Insulation's "sales".  No distinction is made in this
          respect for sales from insulation contracting and sales
19        of insulation materials.  A specific policy exclusion
          would be required for receipts from material sales to
20        not be included in premium determination.  As ABC
          Insulation was represented by an insurance broker with
21        respect to obtaining the insurance provided under the
          policy, responsibility for excluding material sales
22        from premium determination had that been ABC
          Insulation's intent rested with such broker."

23

24 See Ovrut letter, Exhibit 2 to the Declaration of Daniel W.

25 Smith, page 1, paragraph 1.

26 ///

27 ///

28 ///

7

1    In opposition to Plaintiff's Motion, Lexington does not

2 deny that Bronson and Willard may be necessary parties given the

3 allegations levied by Plaintiff against them.  Instead, Lexington

4 claims that the original agent who placed the policy with

5 Lexington, Glenna Androus (who also happens to be Larry Crother's

6 mother-in-law), should also have been named as a Defendant.  (See

7 Lexington's Opp'n, 3:5-14).  Lexington argues Plaintiff's failure

8 to add Androus amounts to gamesmanship on the part of Plaintiff

9 that renders "fallacious" Plaintiff's present attempt to

10 selectively add Bronson and Willard as diversity-destroying

11 Defendants.  Plaintiff points out in its reply, however, that

12 Ms. Androus died in November of 2002, with her business being

13 subsequently sold in 2003.  Decl. of Cheryl A. Crother, ¶ 2.

14 Because the allegations of the proposed FAC make it clear that

15 Plaintiff seeks to sue Bronson and Willard only in their capacity

16 as Plaintiff's insurance agent and broker for the period between

17 October 30, 2003 and January 15, 2008 (see FAC, ¶ 27),

18 Plaintiff's failure to add the deceased Ms. Androus appears

19 justifiable, and not an abject attempt to "pick and choose"

20 defendants to destroy diversity that the Court should reject.

21    Bronson and Willard's potential relationship to Plaintiff's

22 claims appears to well exceed the requisite "tangential" link.

23 Indeed, as Plaintiff points out, the Ovrut letter makes it likely

24 that Lexington will blame Bronson and Willard at trial, and will

25 point to their empty chairs if they are not joined as defendants.

26 ///

27 ///

28 ///

8

1  Consequently, the Court agrees that the addition of Bronson and
2  Willard is necessary, under a Rule 19(a) analysis, to adjudicate
3  the entire controversy stemming from the placement of Plaintiff's
4  comprehensive general liability insurance.

5      The Northern District's decision in Chan v. Bucephalus,
6  supra, is also instructive.  The Plaintiff in Chan, after
7  initially suing a company that solicited investment funding,
8  later sought to add the non-diverse former managing partner of
9  that company, alleged that the partner actively participated in
10  the investment scheme wherein she was allegedly victimized.
11  Under those circumstances, which are akin to Plaintiff's
12  allegation here that Bronson and Willard were the parties
13  directly responsible for negligently procuring the policies
14  issued by Lexington, the Northern District found that the
15  partner's role was more than tangential and consequently
16  determined that the Rule 19(a) inquiry favored allowing amendment
17  under a Section 1447(e) analysis.  Chan, 2009 WL 1108744 at * 4.
18  This Court similarly concludes that considerations under
19  Rule 19(a) weigh in Plaintiff's favor in permitting the joinder
20  of Bronson and Willard as additional parties.

21      Turning now to the second factor, whether or not the
22  applicable statute of limitations would preclude Plaintiff from
23  asserting his claims in a separate state court action, there is
24  no evidence before the Court that Plaintiff's potential claims
25  against Bronson or Willard would be subject to the applicable
26  statute of limitations bar any differently now than at the time
27  this lawsuit was initially filed in December of 2010.
28  ///

1  Consequently, that factor does not weigh one way or the other in

2  favor of permitting joinder under Section 1447(e).

3        The third factor, whether the amendment was sought in a

4  timely matter, does appear to favor Plaintiff.  Plaintiff's

5  initial attempt to add Bronson and Willard as defendants occurred

6  on January 28, 2011, just six weeks after this matter was first

7  filed in state court and only two weeks after removal, by

8  Lexington, to this Court.  In <u>Clinco</u>, <u>supra</u>, the Northern

9  District found that an amendment sought some six weeks after the

10 filing of the original complaint was timely.  <u>Clinco</u>, 41 F. Supp.

11 2d at 1083.

12       Consideration of the final fourth and fifth factors is

13 intertwined, since an assessment as to the strength of the claims

14 against the proposed new defendant (fifth factor) would appear to

15 bear directly on whether joinder is sought solely to defeat

16 diversity and divest this Court of jurisdiction.  Although

17 Plaintiff's previously filed Motion to Remand, submitted

18 immediately following its ultimately aborted attempt to file a

19 FAC without the requisite leave of court, does suggest a motive

20 to destroy diversity (as does Plaintiff's reduction of the

21 jurisdictional amount in controversy to below the $75,000.00

22 threshold), as discussed above it appears that even Lexington

23 concedes that Plaintiff may indeed have valid claims against

24 Bronson and Willard.  That competing interplay nullifies, in the

25 Court's view, any inference to be drawn in either favoring or

26 disfavoring amendment.

27 ///

28 ///

10

On balance, in assessing the factors to be considered in
determining whether to permit amendment under Section 1447(e),
the Court concludes that Plaintiff should be allowed to submit
his proposed FAC despite the fact that the pleading destroys
diversity.  Plaintiff's Motion for Leave to File First Amended
Complaint (ECF No. 32) is accordingly GRANTED.[2]  Plaintiff is
directed to file its First Amended Complaint forthwith.  Because
that amended pleading adds defendants whose presence in this
litigation destroys the diversity on which this Court's
jurisdiction rests, this Court no longer has subject matter
jurisdiction under 28 U.S.C. § 1332 and must remand this case to
the originating Court, the Superior Court for the State of
California in and for the County of Sacramento.  It is
accordingly unnecessary to adjudicate the propriety of the other
changes contained within the First Amended Complaint, and the
Court declines to do so.  Additionally, because the Court
determines it lacks jurisdiction, Lexington's Motion to Dismiss
(ECF No. 24) is DENIED as moot.

IT IS SO ORDERED.

Dated: June 6, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the
Court ordered this matter submitted on the briefs.  E.D. Cal.
Local Rule 230(g).

11